UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO GOMEZ (1),<br><br>Defendant. | Case No.: 09cr02703 JAH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Doc. No. 78]** |
|---|---|

Pending before the Court is Defendant's motion to reduce his sentence pursuant to 28 U.S.C. § 3582 (c)(2). See Doc. No. 78. The government opposes the motion.

## BACKGROUND

On October 5, 2009, Defendant plead guilty to knowingly and intentionally importing 500 grams and more of methamphetamine in violation of Title 21, United States Code sections 952 and 960. See Doc. Nos. 22, 32. At the sentencing hearing, this Court sentenced Defendant to 140 months imprisonment followed by five years of supervised release. See Doc. No. 64, 65. Defendant appealed his sentence and the Ninth Circuit Court of Appeals affirmed the Court's sentence. See Doc. Nos. 66, 77. Thereafter, Defendant filed the pending motion to reduce his sentence.

//

//

1

**DISCUSSION**

Defendant seeks a two-point reduction to his base offense level pursuant to Amendment 782, which revised the guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities. The government maintains Defendant is not entitled to any further reduction of his sentence because his original sentence is lower than his amended guidelines. Specifically, Plaintiff maintains Defendant's new guideline range, without the benefit of the criminal history departure and variance he received, is 188 to 235 months.

Under section 3582(c)(2), a court may modify a term of imprisonment if a defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court conducts a two-step analysis when proceeding under section 3582(c)(2): step one requires a court to determine the defendant's eligibility for modification and extent of reduction by determining what the guideline range would have been if the amendment had been in effect at the time of sentencing, and step two instructs a court to consider any applicable section 3553(a) factors and determine whether the reduction is warranted. Dillon v. U.S., 560 U.S. 817, 827 (2010).

At the sentencing hearing, this Court found a base offense level of 36, a 2 level enhancement for importation of methamphetamine, and -3 adjustment for acceptance of responsibility, and a criminal history category of III, resulting in a guideline range of 210 to 262 months. The Court departed and found a criminal history category of II appropriate which resulted in a guideline range of 188 to 235 months, and further varied downward when sentencing Defendant to 140 months. Defendant is not entitled to the criminal history departure in his amended guideline range or variance. See United States v. Aragon-Rodriguez, 624 Fed.Appx. 542, 543 (9th Cir. 2015). His amended guideline range, without considering the departure and variance, based upon a base offense level of 34, +2 for importation of methamphetamine, and -3 for acceptance of responsibility is 168 to 210

09cr02703 JAH

months. Because his original sentence is lower than his amended guideline range, Defendant is not entitled to a reduction of his sentence. USSG § 1B1.10(b)(2)(A).

Accordingly, **IT IS HEREBY ORDERED** Defendant's motion to reduce his sentence is **DENIED**

DATED: October 26, 2018

_____
JOHN A. HOUSTON
United States District Judge